**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 16-4011**

———————

UNITED STATES OF AMERICA,

               Plaintiff – Appellee,

      v.

JAIME MARQUEZ RODRIGUEZ, a/k/a Jaime Rodriguez Marquez,
a/k/a Nathan Anthony Reyes,

               Defendant - Appellant.

———————

Appeal from the United States District Court for the Western
District of North Carolina, at Charlotte.  Robert J. Conrad,
Jr., District Judge.  (3:14-cr-00259-RJC-1)

———————

Submitted:  July 22, 2016         Decided:  August 10, 2016

———————

Before KING, DUNCAN, and FLOYD, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

William D. Auman, AUMAN LAW OFFICES, Asheville, North Carolina,
for Appellant. Jill Westmoreland Rose, United States Attorney,
Anthony J. Enright, Assistant United States Attorney, Charlotte,
North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jaime Marquez Rodriguez pled guilty to illegal reentry by a previously deported alien, 8 U.S.C. §§ 1326(a), (b)(2) (2012). He was sentenced to 41 months in prison — within his Guidelines range of 41-51 months. Rodriguez now appeals, claiming that his sentence is substantively unreasonable. We affirm.

We review a sentence "under a deferential abuse-of-discretion standard." See Gall v. United States, 552 U.S. 38, 41 (2007). When reviewing for substantive reasonableness, we "examine[] the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence . . . satisfied the standards set forth in [18 U.S.C. §] 3553(a) [(2012)]." United States v. Mendoza-Mendoza, 597 F.3d 212, 216 (4th Cir. 2010). If, as here, the sentence is within the correctly calculated Guidelines range, we may presume that the sentence is substantively reasonable. Id. This presumption is rebutted only if the defendant shows "that the sentence is unreasonable when measured against the § 3553(a) factors." United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks omitted).

At Rodriguez's sentencing, the district court stated that it had considered the 18 U.S.C. § 3553(a) (2012) factors and Rodriguez's request for a downward variance to 18 months.

However, the court stated that a variance was not appropriate, especially in light of Rodriguez's criminal history.

We conclude that the sentence is substantively reasonable and that Rodriguez failed to rebut the presumption of reasonableness we accord his within-Guidelines sentence. Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED